[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR ARTICULATION, CLARIFICATION AND RECONSIDERATION
Having heard argument on plaintiff's Motions for Articulation, Clarification and Reconsideration, the court issues the following orders:
1. As to Restoration of Maiden Name
By Supplemental Judgment, dated October 30, 2000, the court restored plaintiff's maiden name of Betty J. Cox.
2. As to Identification of Attorney for Minor Child
The court hereby corrects the reference "guardian ad litem" on page 3 of its Memorandum of Decision, dated October 12, 2000, by substituting therefor the phrase "attorney for the minor child."
3. As to Child Support
From the evidence presented, including the parties' financial CT Page 3132-df affidavits, the Court finds that at the time of the trial in this case the parties had a combined net income from employment of $1,015 per week. Plaintiff Betty Cox had a net weekly income of $288.43. Defendant William Bowe had a net weekly income of $726.58. Based upon their combined net income from employment the court finds that the weekly amount attributable to child support under the Child Support Guidelines is $206. The court finds that plaintiff Betty Cox is responsible for 28 per cent, and defendant William Bowe is responsible for 72 per cent of this child support amount. Accordingly, plaintiff Betty is obligated to pay to defendant William Bowe $58 per week as child support. This is a corrected order, based upon a review of the financial information available at the trial, and it is retroactive to October 13, 2000 — the date of judgment.
4. As to the LL Bean Visa, and the MasterCard
The court hereby corrects the assignment of responsibility for the aforesaid credit cards to reflect that plaintiff Betty J. Cox solely shall be responsible for payment of the LL Bean Visa card, and defendant William Bowe solely shall be responsible for payment of the MasterCard.
5. As to Health Insurance for the Minor Child
Inasmuch as defendant William Bowe has agreed to provide health insurance for the minor child as available through his employer, the court hereby orders that he do so.
6. As to Life Insurance
Inasmuch as defendant William Bowe has agreed to provide life insurance coverage until his financial obligations under the judgment are fulfilled, the court hereby orders that he do so.
7. As to House Repairs
Inasmuch as defendant William Bowe has agreed to provide ordinary repairs to and to hold the plaintiff harmless as to ordinary expenses for the premises known as 90 Elm Street, Guilford, Connecticut, the court hereby orders that he do so.
8. As to Line of Credit
Regarding the line of credit referred to on page 7 of the Memorandum of Decision the parties shall not have access to the same and shall cooperate in meeting with appropriate bank officials to execute documents CT Page 3132-dg for suspending access thereto.
9. As to financing the payment of the $70.000 note to plaintiff BettyJ. Cox
The Court corrects its order, set out on page 5 of the Memorandum of Decision, by modifying the third sentence of the second paragraph as follows:
 In that event, the plaintiff shall cooperated by signing appropriate documents, which shall be held in escrow in order to guarantee at the closing that the proposed arrangement will result in the payment of the $70,000 note, and the removal of her name as an obligor on the line of credit. and on any and all mortgage obligations with respect to premises known as 90 Elm Street, Guildford, Connecticut.
IT IS SO ORDERED:
Clarance J. Jones, Judge